IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAIRO BRAVO PEDROZA, G40867,

Petitioner,

vs.

FRED FIGUEROA, Warden,

Respondent.

No. C 12-4702 CRB (PR)

ORDER TO SHOW CAUSE

(Docket # 3)

Petitioner, a California state prisoner incarcerated at Tallahatchie County Correctional Facility (TCCF) in Tutwiler, Mississippi, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Santa Clara County Superior Court. He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

**BACKGROUND**

On May 12, 2008, petitioner pleaded no contest to attempted first degree burglary and admitted that he had suffered two prior strike convictions and two prior serious felony convictions in order to avoid a possible life sentence under California's Three Strikes Law. On November 14, 2008, the court struck one of the prior strikes and sentenced petitioner to 14 years in state prison. Petitioner appealed.

On December 7, 2009, the California Court of Appeal affirmed the judgment of the trial court. Petitioner did not seek review from the Supreme Court of California, but instead filed a petition for a writ of habeas corpus in the state high court allegedly raising the same claims raised here.

On October 19, 2011, the Supreme Court of California denied the petition for a writ of habeas corpus with citations to People v. Duvall, 9 Cal. 4th 464, 474 (1995), and In re Swain, 34 Cal. 2d 300, 304 (1949).

On September 7, 2012, petitioner filed the instant federal habeas petition.[1]

## DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. Claims

Petitioner seeks federal habeas corpus relief on the basis of various pre-plea and post-plea violations. Among other things, he claims improper denials of his motions to change his plea, substitute counsel and to represent himself, as well ineffective assistance of trial and appellate counsel.

A defendant who pleads guilty (or no contest) cannot later raise in federal habeas corpus proceedings independent claims relating to the deprivation of

[1] On October 15, 2012, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal. It was denied on December 26, 2012.

constitutional rights that occurred before the plea of guilty (or no contest). See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (same). The only challenges left open in federal habeas corpus after a plea of guilty (or no contest) is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985); Tollett, 411 U.S. at 267. Petitioner's pre-plea claims accordingly are DISMISSED. See id. But liberally construed, his post-plea claims and claims implicating the validity of his plea appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se habeas petitions liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (docket # 3) is GRANTED.

2. The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues

presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED: Feb. 1, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.12\Pedroza, J.12-4702.osc.wpd